IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,  )<br>  )<br>         Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Luis Ignacio Hernandez,  )<br>  )<br>         Defendant.  ) | **ORDER**<br><br>Case No. 3:20-cr-192 |

Before the Court is briefing filed by Defendant Luis Ignacio Hernandez and the United States regarding whether Hernandez's prior conviction for gross sexual imposition in violation of North Dakota Century Code § 12.1-20-03 (the "Prior Conviction") qualifies as a "serious violent felony" under 21 U.S.C. § 802(58), which would trigger a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851. Docs. No. 134, 137.

By way of background, the United States filed an indictment on October 21, 2020, charging Hernandez and a codefendant with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. § 846. Doc. No. 1. On February 25, 2022, the Court held a change of plea hearing during which Hernandez pleaded guilty to the indictment. Docs. No. 124, 130. At the change of plea hearing, Hernandez[1] requested the Presentence Investigation Report interview not be completed until the Court issued a ruling on whether his Prior Conviction triggered a sentencing enhancement. The Court agreed and set a briefing schedule.

To that end, on April 10, 2022, Hernandez filed his brief opposing a sentencing enhancement, arguing that his Prior Conviction does not qualify as a "serious violent felony" under

---

[1] At the change of plea hearing, Hernandez was represented by Attorney Dane DeKrey. Because of conflict issues, however, Attorney Charles A. Stock is now the attorney of record.

21 U.S.C. § 802(58). Doc. No. 134. On May 23, 2022, the United States files its response, explaining that it "no longer contends Hernandez's [Prior Conviction] is a 'serious violent felony[.]'" Doc. No. 137, pp. 4-5. Therefore, "[t]he primary effect here is to reduce the minimum prison sentence from 15 to 10 years and adjust [Hernandez's] supervised release and fine exposure downward." Id. at 4 (citing 21 U.S.C. § 841(b)(1)(A)). The United States, however, clarifies that this "outcome is case-specific and limited to the question of whether [Hernandez's] particular prior offense constitutes a 'serious violent felony' under the law as it currently stands." Id.

After an independent review of the statutory authority and the parties' arguments, the Court finds that, under the particular facts and circumstances of this case, Hernandez's Prior Conviction does not qualify as a "serious violent felony" under 21 U.S.C. § 802(58). To be clear, as highlighted by the United States, this finding is fact specific and limited to Hernandez's particular Prior Conviction. Additionally, this finding does not limit the Court's ability to consider Hernandez's Prior Conviction, to the extent it is able, under the applicable statutory and guideline provisions at sentencing.

On a final note, while the Court previously ordered a Presentence Investigation Report (Doc. No. 130), with the filing of this Order (and per the discussion at the change of plea hearing) the Court requests that the Presentence Investigation Report interview be scheduled at the earliest convenience of the parties.

**IT IS SO ORDERED**.

Dated this 2nd day of August, 2022.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court